## No. 878

### SNYDER et v. N. Y. C. & ST. L. RY. CO. et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Levine & Funk of the 9th Dist., sitting, with Sullivan, PJ.

Frank C. Scott; Klein, Harris & Diehm; J. B. & H. R. Snyder; and Snyder, Henry, Thomsen, Ford & Seagrave, Cleveland, for Snyder.

Tolles, Hogsett & Ginn and Cannon, Brooks & Wickham, Cleveland, for Railway Co.

**93. APPROPRIATION.—941.** Practice and Procedure.—677. Judgments.—128a. Bar—681. Jurisdiction.

SULLIVAN, PJ.

1. Where insolvency court, in proceedings by railway to appropriate property found in favor of defendants on preliminary jurisdictional questions, no motion for a new trial by defendants would lie, since no trial was had, and such motion by defendants would be futile.

2. In reviewing action of court of common pleas in proceedings to appropriate property, court speaks only from its record and judgment, and not from expressions from bench or elsewhere.

3. Judgment which court pronounces may be correct, notwithstanding reasons given are not well founded.

4. Where only preliminary jurisdictional questions were heard in insolvency court in proceedings by railway to appropriate property, railroad company would not be barred on dismissal of case from thereafter proceeding to furnish requisite proof which was lacking before dismissal.

5. Courts are not compelled to do a futile thing.

6. Where insolvency court, in proceeding by railroad to appropriate property, found that there was insufficient evidence showing inability of railroad to agree with owners before suit, so that it had no jurisdiction over proceedings, it was unnecessary to pass judgment on remaining preliminary questions, such as right to appropriate, necessity therefor, and existence of corporation, as required by 11046 GC.

7. Under 11046 GC. requiring determination, in appropriation proceedings, of existence of corporation, right and necessity for appropriation, and inability to agree with owner, all questions must be decided in favor of corporation before it can proceed with appropriation, and if, corporation is stopped at first step, it is not necessary to require it to take remaining steps.

8. In proceedings by railway to appropriate property under statute, it is duty of common pleas court, after reversal of judgment of insolvency court against railway on preliminary questions, to retain case de novo, and railroad company has privilege of dismissing case.

9. Where proceedings by railroad to appropriate property were dismissed by insolvency court on finding against railway on jurisdictional questions, and such action was reversed by common pleas, and case retained for trial de novo, there was no judgment perjudicial to owners opposing appropriation making it immaterial whether case was dismissed by railway with or without prejudice.

10. In determining whether judgment of court is prejudicial, it is incumbent on Court of Appeals not only to examine record but bear in mind ultimate effect on complaining party.

11. Where order of insolvency court dismissing proceedings to appropriate property by railway on finding that evidence was insufficient to show inability to agree with owner, required by 11046 GC. was reversed by common pleas court, and case retained for trial de novo, there was no basis for review of judgment of common pleas court by Court of Appeals.

12. Where determination by insolvency court of preliminary questions in appropriation proceedings against railway was reversed by common pleas court, and case retained for trial de novo, dismissal of case was condition precedent to retrial of preliminary jurisdictional questions.

13. Dismissal of proceedings by railway to appropriate property, and retention of same for trial de novo by common pleas court, after reversal of judgment of insolvency court, was in nature of granting of motion for new trial not reviewable by proceedings in error.

14. Proceedings in error cannot be taken to review granting of motion for new trial.

15. Prejudicial error in failure of insolvency court to pass on preliminary jurisdictional questions in proceedings by railway to appropriate property cannot be based on anticipation by plaintiff in error that judgment of court would be in its favor on such questions.

(Levine and Funk, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page this issue.